UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUON TRAN,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>STU SHERMAN, Warden,<br><br>　　　　　Respondent. | Case No.: 1:15-cv-00719-LJO-JLT<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT RESPONDENT'S MOTION TO DISMISS (Doc. 11)<br><br>ORDER DIRECTING OBJECTIONS TO BE FILED WITHIN TWENTY-ONE DAYS |

　　　　Petitioner, a state prisoner, suffered the loss of credits as a result of discipline imposed after he was found to be in possession of a cell phone. After he remained discipline free for six months, he requested prison officials restore the lost credits but the requests were denied. In this action, he challenges the prison officials' refusal to restore the credit.

**I.     Statement of Facts**

Petitioner, a state prisoner, was issued a Rules Violation for possession of a cell phone. (Doc. 11, Ex. 1, p. 17). Following a disciplinary hearing, Petitioner was found guilty and sanctioned, inter alia, with the loss of 90 days' credits. (Id.). Petitioner subsequently requested that, because he had remained discipline-free for 180 days, that the credits be restored; however, his request was denied and various appeals ensued. (Doc. 11, Ex. 1).

///

///

**II.    Discussion**

   A.    <u>Procedural Grounds for Motion to Dismiss</u>

Respondent's motion claims the petition should be dismissed because it contains unexhausted claims, it is procedurally barred, and it fails to raise cognizable federal habeas claims. Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed Respondent's to file a Motion to Dismiss in lieu of an Answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. <u>See</u>, <u>e.g.</u>, <u>O'Bremski v. Maass</u>, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); <u>White v. Lewis</u>, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); <u>Hillery v. Pulley</u>, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a Respondent can file a Motion to Dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. <u>See</u> <u>Hillery</u>, 533 F. Supp. at 1194 & n. 12. Accordingly, the Court will review Respondent's Motion to Dismiss pursuant to its authority under Rule 4. <u>O'Bremski</u>, 915 F.2d at 420.

   B.    <u>Administrative Exhaustion And Procedural Default</u>.

      1.    <u>Summary Of State Procedural Default And Federal Habeas Review</u>

Respondent first argues this Court is barred from reviewing Petitioner's claims. A federal court will not review claims in a petition for writ of habeas corpus if the state court denied relief on those claims based on a state law procedural ground that is independent of federal law and adequate to support the judgment. <u>Coleman v. Thompson</u>, 501 U.S. 722, 750, 111 S.Ct. 2546 (1991); <u>LaCrosse v. Kernan</u>, 244 F.3d 702, 704 (9th Cir. 2001); <u>see Ylst v. Nunnemaker</u>, 501 U.S. 797, 801 (1991); <u>Park v. California</u>, 202 F.3d 1146, 1150 (2000) ("A district court properly refuses to reach the merits of a habeas petition if the petitioner has defaulted on the particular state's procedural requirements . . . ."); <u>see also</u> <u>Fox Film Corp. v. Muller</u>, 296 U.S. 207, 210 (1935). The doctrine is based on principles of comity and federalism. <u>Coleman</u>, 501 U.S. at 730-32. If the court finds an independent and adequate

state procedural ground, "federal habeas review is barred unless the prisoner can demonstrate cause for the procedural default and actual prejudice, or demonstrate that the failure to consider the claims will result in a fundamental miscarriage of justice."  Noltie v. Peterson, 9 F.3d 802, 804-05 (9th Cir. 1993); Coleman, 501 U.S. at 750; Park v. California, 202 F.3d 1146, 1150 (9th Cir. 2000).

In order for the procedural default doctrine to apply, the state court determination of default must be grounded in state law that is both *adequate* to support the judgment and *independent* of federal law.  Ylst, 501 U.S. at 801; Coleman, 501 U.S. at 729-30; see also Fox Film Corp., 296 U.S. at 210.  Put another way, the procedural default doctrine applies only if the application of the state procedural rule provides "an adequate and independent state law basis" on which the state court can deny relief.  Park, 202 F.3d at 1151, *quoting*, Coleman, 501 U.S. at 729-30.

A federal court can only enforce a state procedural bar if the state court "declined to reach the issue for procedural reasons." Franklin v. Johnson, 290 F.3d 1223, 1230 (9th Cir.2002). Procedural default will bar federal habeas corpus review so long as the state court "clearly and expressly states that its judgment rests on a state procedural bar." Harris v. Reed, 489 U.S. 255, 263, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989).

In this case, Petitioner sought to exhaust his claims in a habeas corpus petition filed in the California Supreme Court.  In denying that petition, the state high court cited In re Dexter, 25 Cal.3d 921, 925 (1979).  (Doc. 1, p. 36).  The California Supreme Court has stated that the requirement of exhaustion of administrative remedies is a fundamental rule of procedure which applies to habeas corpus petitions. In re Muszalski, 52 Cal.App.3d 500, 503–508, 125 Cal.Rptr. 286 (1975); Abelleira v. District of Appeal, 17 Cal.2d 280, 293, 109 P.2d 942 (1941).  As discussed below, Dexter signals that Petitioner failed to exhaust his administrative remedies, thus barring federal review.

### 2. Procedural Ground Independent of Federal Law

"For a state procedural rule to be 'independent,' the state law basis for the decision must not be interwoven with federal law." LaCrosse, 244 F.3d at 704 (citing Michigan v. Long, 463 U.S. 1032, 1040–41, 103 S.Ct. 3469, 77 L.Ed.2d 1201 (1983)); Morales v. Calderon, 85 F.3d 1387, 1393 (9th Cir.1996) ("Federal habeas review is not barred if the state decision 'fairly appears to rest primarily on federal law, or to be interwoven with federal law.'" (quoting Coleman, 501 U.S. at 735, 111 S.Ct.

3

2456)). "A state law is so interwoven if 'the state has made application of the procedural bar depend on an antecedent ruling on federal law [such as] the determination of whether federal constitutional error has been committed.'" Park, 202 F.3d at 1152 (quoting Ake v. Oklahoma, 470 U.S. 68, 75, 105 S.Ct. 1087, 84 L.Ed.2d 53 (1985)).

California's administrative exhaustion requirement falls entirely under state law, as the California Supreme Court has indicated that the exhaustion prerequisite does not rely on federal law, but rather a long-established state rule. Dexter, 25 Cal.3d at 925 (describing administrative exhaustion requirement as a "general rule" and citing several California cases); Muszalsi, 52 Cal.App.3d at 503 (describing requirement as "well settled as a general proposition"). This Court has regularly relied on the independence of Dexter as a state procedural bar. See, e.g., Yow Ming Yeh v. Hamilton, 2013 WL 3773869, *3 (E.D.Cal. July 17, 2013) (administrative exhaustion is independent state law procedural ground); Dean v. Hubbard, 2013 WL 19077450, *3 (E.D. Cal. May 7, 2013)(same); Davis v. Swarthout, 2012 WL 244211, *2 (E.D.Cal. Jan 25, 2012)(same); Johnson v. Harrington, 2011 WL 1807219, *2 (E.D.Cal. May 11, 2011)(same); Gaston v. Harrington, 2009 WL 3627931, *2 (E.D. Cal. Oct. 29, 2009)(same); Rodriguez v. Yates, 2009 WL 3126317, *3 (E.D. Cal. Sept. 24, 2009)(same). Thus, here, the state court denied the petition on an independent state law ground.

### 3. Adequacy of State Procedural Grounds

To be deemed "adequate," the state law ground for decision must be well-established and consistently applied. Poland v. Stewart, 169 F.3d at 577 ("A state procedural rule constitutes an adequate bar to federal court review if it was 'firmly established and regularly followed' at the time it was applied by the state court.") (quoting Ford v. Georgia, 498 U.S. 411, 424, 111 S.Ct. 850, 112 L.Ed.2d 935 (1991)). California's rule that an inmate must exhaust his administrative remedies is well-established and has been applied since 1941. Abelleira v. District Court of Appeal, 17 Cal.2d 280, 292–293, 109 P.2d 942 (1941). In addition, California courts have consistently applied this rule since Abelleira. E.g., Dexter, 25 Cal.3d at 925; Muszalski, 52 Cal.App.3d at 503; In re Serna, 76 Cal.App.3d 1010 (1978); Humes v. Margil Ventures, Inc., 174 Cal.App.3d 486, 494 (1985); Wright v. State, 122 Cal.App.4th 659 (2004). Therefore, this procedural ground is adequately applied and bars federal review in this Court.

### 4. Miscarriage of Justice

If the court finds an independent and adequate state procedural ground, "federal habeas review is barred unless the prisoner can demonstrate cause for the procedural default and actual prejudice, or demonstrate that the failure to consider the claims will result in a fundamental miscarriage of justice." Noltie v. Peterson, 9 F.3d 802, 804–805 (9th Cir.1993); Coleman, 501 U.S. at 750; Park, 202 F.3d at 1150. The Supreme Court has "not identified with precision exactly what constitutes 'cause' to excuse a procedural default." Edwards v. Carpenter, 529 U.S. 446, 451 (2000). However, "the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Murray v. Carrier, 477 U.S. 478, 488 (1986).

Petitioner has not opposed the motion to dismiss. Accordingly, the record before the Court is devoid of any allegation that failure to consider the instant claims will result in a fundamental miscarriage of justice or that Petitioner has good cause for the procedural default. Therefore, the instant petition is barred by the doctrine of procedural default.

C. Exhaustion.

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state the initial opportunity to correct the alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a

federal constitutional claim.  Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir. 2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir. 1998).  In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted).  If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366.  The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident*," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
>
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added), as amended by Lyons v. Crawford, 247 F.3d 904, 904-5 (9th Cir. 2001).

Where none of a petitioner's claims has been presented to the highest state court as required by the exhaustion doctrine, the Court must dismiss the petition. Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001). The authority of a court to hold a mixed petition in abeyance pending exhaustion of the unexhausted claims has not been extended to petitions that contain no exhausted claims. Raspberry, 448 F.3d at 1154.

Here, the state habeas petition filed by Petitioner in the California Supreme Court does not allege that his federal constitutional rights were violated by the disciplinary process nor does his habeas petition contain any citations to federal law.  (Doc. 11, Ex. 1). From the foregoing, the Court concludes

that Petitioner has not fairly presented any federal constitutional claims to the California Supreme Court as required by the exhaustion doctrine. Hence, the Court must dismiss the petition. See Calderon v. United States Dist. Court, 107 F.3d 756, 760 (9th Cir. 1997) (en banc); Greenawalt v. Stewart, 105 F.3d 1268, 1273 (9th Cir. 1997). The Court cannot consider a petition that is entirely unexhausted. Rose v. Lundy, 455 U.S. 509, 521-22 (1982); Calderon, 107 F.3d at 760. Therefore, Respondent's motion to dismiss should be granted and the petition should be dismissed for lack of exhaustion.

D. <u>Failure To State A Cognizable Habeas Claim</u>.

Moreover, as Respondent correctly argues, because Petitioner presented only state law issues in his petition, this Court lacks habeas jurisdiction to review those claims. The basic scope of habeas corpus is prescribed by statute. Subsection (c) of Section 2241 of Title 28 of the United States Code provides that habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution." 28 U.S.C. § 2254(a) states that the federal courts shall entertain a petition for writ of habeas corpus only on the ground that the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States. See also, Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court. The Supreme Court held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). Furthermore, in order to succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must demonstrate the adjudication of his claim in state court resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d)(1), (2).

Here, as mentioned, Petitioner does not allege a violation of the Constitution or federal law, nor does he argue that he is in custody in violation of the Constitution or federal law. Petitioner does not allege that the adjudication of his claims in state court "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, . . . or resulted in a decision that was based on an unreasonable determination of the facts . . . ." 28 U.S.C. § 2254. Petitioner raises only state law claims, and, generally, issues of state law are not cognizable on federal habeas review.

Estelle v. McGuire, 502 U.S. 62, 67 (1991)("We have stated many times that 'federal habeas corpus relief does not lie for errors of state law.'"), *quoting* Lewis v. Jeffers, 497 U.S. 764, 780 (1990); Gilmore v. Taylor, 508 U.S. 333, 348-349 (1993)(O'Connor, J., concurring)("mere error of state law, one that does not rise to the level of a constitutional violation, may not be corrected on federal habeas").  Indeed, federal courts are bound by state court rulings on questions of state law. Oxborrow v. Eikenberry, 877 F.2d 1395, 1399 (9th Cir.), *cert. denied*, 493 U.S. 942 (1989).  Hence, this Court lacks habeas jurisdiction to consider Petitioner's claims of a violation of state law in failing to apprise him that he was ineligible for a restoration of credits.

Absent a claim that he was denied federal due process or that the disciplinary finding was completely without evidentiary support, this Court has no authority to review claims arising from a state prison disciplinary hearing.  See Wolff v. McDonnell, 418 U.S. 539, 564, 570 (1974); Superintendent v. Hill, 472 U.S. 445, 454 (1985).

### **RECOMMENDATION**

Accordingly, the Court **RECOMMENDS** that the motion to dismiss (Doc. 11), be **GRANTED** and the habeas corpus petition be **DISMISSED** for lack of exhaustion, procedural default, and failure to state a cognizable federal habeas claim.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  **Within 21 days** after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed **within 10 days** (plus three days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).

///
///
///
///

The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **August 28, 2015**                         **/s/ Jennifer L. Thurston**
                                                                    UNITED STATES MAGISTRATE JUDGE